# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| SONYA WINKLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-00149-PPS-APR |
| | ) |
| DAVID JOHN HARRIS, M.D., and | ) |
| FRANCISCAN ALLIANCE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO REMAND

Plaintiff Sonya Winkler has filed what she styles a "Notice of Removal," which the Court entered on the docket on April 26, 2024. [Doc 1.] Winkler's Notice of Removal is improper on many fronts. Therefore, Defendant Franciscan Alliance, Inc. ("Franciscan") moves to remand this case back to the Indiana Court of Appeals where it is currently pending under Case No. 23A-CT-1091.[1] In support of its Motion to Remand, Franciscan states as follows:

1.      This is a medical malpractice case. On August 29, 2018, Winkler filed a Proposed Complaint for medical malpractice against Franciscan and another health care provider (collectively, the "Providers") with the Indiana Department of Insurance ("IDOI").[2] On September 6, 2018, Winkler filed a nearly identical Complaint against the Providers in Lake Superior Court

---

[1] The Court's docket references Lake Superior Court Cause No. 45D01-2104-CT-000397 as being the case pending in another court. However, the Indiana Court of Appeals actually assumed jurisdiction over the case on May 16, 2023, and the matter is currently pending under Indiana Court of Appeals Case No. 23A-CT-1091. *See* Ind. App. R. 8 ("The Court on Appeal acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary."). Copies of the docket sheets – or chronological case summaries – for the Lake Superior Court and the Indiana Court of Appeals are attached hereto as Exhibit A and Exhibit B, respectively.

[2] This step is required under the Indiana Medical Malpractice Act. *See* Ind. Code §§ 34-18-8-4, -7.

– the underlying state court action that is the subject of Winkler's so-called Notice of Removal. *See* Lake Superior Court Cause No. 45D01-2104-CT-000397.

2.    On October 17, 2022, the Lake Superior Court issued an order granting the Providers' Motions for Summary Judgment and entering final judgment in their favor. The Lake Superior Court denied Winkler's request for relief from judgment on February 14, 2023. The Lake Superior Court denied Winkler's Motion to Correct Error on April 17, 2023.

3.    Winkler filed her Notice of Appeal to the Indiana Court of Appeals on May 9, 2023.

4.    An appeal of the Lake Superior Court's rulings and final judgment is currently pending in the Indiana Court of Appeals under Case No. 23A-CT-1091. Winkler's appeal has been fully briefed since December 20, 2023, and the Providers expect a decision from the Indiana Court of Appeals any day now. The Lake Superior Court does not presently have jurisdiction over the case; the Indiana Court of Appeals does. *See* n.1, *supra.*

5.    Winkler purports to file a Notice of Removal in this Court. Winkler's Notice of Removal is improper, and the Court should remand the case so as not to interfere with the Indiana Court of Appeals' imminent disposition of her appeal. *Accord Federal Sav. & Loan Ins. Corp. v. Templeton*, 700 F. Supp. 456, 458 (S.D. Ind. 1988) (expressing concerns about interference "with the orderly proceedings of a state appellate court" and attempt to "snatch a case out of a state appellate court" through the removal process under a different federal statute).

6.    It is well settled that "Title 28 U.S.C. § 1446 authorizes removal only by defendants and only on the basis of claims brought against them. . . . Plaintiffs cannot remove. . . ." *Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989); *see also Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curium) ("No section [of the U.S. Code] provides for removal by a plaintiff."); *Montero v. Tulsa Airport Improvements Trust*, 770 Fed. Appx. 439,

440 (10th Cir. 2019) (holding that *pro se* plaintiff "could not transfer or remove his case from state court to federal court [under 28 U.S.C. § 1441]; so the federal court never obtained jurisdiction"); 14C Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3730 (2018) (stating that "plaintiffs cannot remove" cases to federal court). "Removal by a plaintiff is not permitted because the plaintiff had the original choice of forum." *Untracht v. Fikri*, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006) (reiterating that "[o]nly defendants may remove an action"), *aff'd*, 249 Fed. Appx. 268 (3d Cir. 2007); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) (observing that "the plaintiff is the master of the complaint" and "removal is at the defendant's option"). For this reason alone, and irrespective of the substance of her claims, Winkler cannot remove this case to federal court. The case should be remanded back to the Indiana Court of Appeals.

7.      Winkler's so-called Notice of Removal is also improper because it attempts to seek removal based on an entirely new "Verified Third Party Complaint for Medical Malpractice" (and a host of other claims) that was never filed in the Lake Superior Court, against a laundry list of other individuals and entities that were never parties to the underlying state court action. [Doc. 1 at ECF pp. 3-14.] As Winkler admits, she is submitting the "Notice of Removal because more parties have been added. . . ." [Doc. 1 at ECF p. 1.] Again, "Title 28 U.S.C. § 1446 authorizes removal only by defendants and only on the basis of claims brought against them." *Ballard's*, 865 F.2d at 449. Removal considers whether "the federal court would have had original jurisdiction over the action [brought in state court] had it been brought there initially." *People of State of Ill. v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 574 (7th Cir. 1982). Here, Winkler is not attempting to "remove" anything she brought in Lake Superior Court in the first instance.

8.      The procedural posture of the underlying state court action makes Winkler's alleged Notice of Removal especially problematic. *See Thorp Finance Corp. v. Lehrer*, 587 F.

Supp. 533, 534 (E.D. Wis. 1984) (concluding that removal of action after state court had entered final judgment was "patently improper"); *see also Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) (agreeing that "it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation"; noting that "state court action had been reduced to a final judgment" and removing party "was impermissibly trying to raise a federal question in his petition which he had never alleged in the state court proceedings"). The Lake Superior Court already entered a final judgment, which is now on appeal to the Indiana Court of Appeals. "Once a case is removed, . . . the federal court takes the case as it finds it on removal." *Matter of Meyerland Co.*, 910 F.2d 1257, 1262 (5th Cir. 1990), *on reh'g*, 960 F.2d 512 (5th Cir. 1990). Thus, if the case were removed, the Court would have to "adopt the [Lake Superior Court's] judgment as its own," and then the parties would have to proceed with an appeal over which the Seventh Circuit has no jurisdiction but that is fully briefed and awaiting imminent disposition in the Indiana Court of Appeals. *See id.* at 1263; *see also In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 966 (11th Cir. 1989) (explaining that "we will take the case as we find it on removal" such that "[t]he state court judgment . . . will be deemed to have been entered by the federal district court and we will entertain [the] appeal therefrom"). This further underscores the impropriety of removal.

9.    "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Winkler's Notice of Removal, to the extent it can be characterized as such, should be rejected, and this Court should enter an order of remand forthwith.

WHEREFORE, Franciscan respectfully requests an order of remand and all other relief just and proper in the premises.

Respectfully submitted,

/s/ Libby Yin Goodknight
Julie A. Rosenwinkel, Attorney No. 18447-53
KRIEG DeVAULT LLP
8001 Broadway, Suite 400
Merrillville, Indiana 46410
(219) 227-6106
jrosenwinkel@kdlegal.com

Libby Yin Goodknight, Attorney No. 20880-49
KRIEG DEVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204-2079
(317) 636-4341
lgoodknight@kdlegal.com

*Attorneys for Defendant Franciscan Alliance, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the forgoing was also served on the following individual by U.S. Mail, postage prepaid, this 2nd day of May, 2024:

Sonya Winkler
3826 170th Street
Hammond, Indiana 46323


/s/ Libby Yin Goodknight
Libby Yin Goodknight