# Exhibit A

# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision is not binding precedent for any court and may be cited only for persuasive value or to establish res judicata, collateral estoppel, or law of the case.



# IN THE
# Court of Appeals of Indiana

Sonya Winkler,

*Appellant-Plaintiff*,



FILED
May 03 2024, 9:09 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Anonymous Alliance, Inc., and Dr. A,

*Appellees-Defendants*

---

May 3, 2024

Court of Appeals Case No.
23A-CT-1091

Appeal from the Lake Superior Court

The Honorable John M. Sedia, Judge

Trial Court Cause No.
45D01-2104-CT-397

---

**Memorandum Decision by Judge Weissmann**
Judges Mathias and Tavitas concur.

**Weissmann, Judge.**

[1]  Sonya Winkler challenges the trial court's denial of her motion for relief from an adverse summary judgment on her medical malpractice claims against Anonymous Alliance, Inc., and Dr. A (collectively, Providers). Winkler claims the trial court erred because she has discovered new evidence consisting of medical records that she alleges were never disclosed due to fraud. But Winkler never introduced this evidence during the hearing on her motion for relief from the summary judgment. Winkler also failed to timely refute Providers' evidence showing no genuine issue of material fact as to whether Providers met the applicable standard of care when treating her. Accordingly, we affirm.

## Facts

[2]  In 2018, Winkler filed with the Indiana Department of Insurance a proposed complaint alleging Providers' medical malpractice. A week later, Winkler filed in the trial court a nearly identical complaint against Providers. The complaint filed with the Indiana Department of Insurance proceeded to a medical review panel. The panel issued a unanimous opinion that "the evidence does not support the conclusion that [Providers] failed to comply with the appropriate standard of care as charged in the complaint, and the conduct complained of was not a factor in the resultant damages." Appellees' App. Vol. II, p. 29.

[3]  Afterward, Providers moved for summary judgment in the trial court proceedings based on the medical review panel's opinion and Winkler's failure to offer any medical evidence supporting her claim that Providers did not

comply with the applicable standard of care. But Winkler, representing herself, did not designate any evidence or otherwise respond to Providers' motions. Upon reviewing Providers' designated evidence, the trial court determined there was no genuine issue of material fact and that the Providers were entitled to judgment as a matter of law. The court therefore entered summary judgment against Winkler on her malpractice claims against Providers.

[4] Winkler sent a letter to the trial court 30 days later. The letter suggested that Winkler's belated response to Providers' motions for summary judgment was attached. The CCS does not contain the attachment, although Providers include it in their appendix. Providers moved to strike Winkler's purported tardy summary judgment response. In its order granting Providers' motion to strike, the trial court stated:

> The Court . . . cannot consider any of the materials raised by Winkler in her correspondence as a response to [Providers'] Motion[s] for Summary Judgment. However, to the extent that any of Winkler's correspondence can be considered a motion for relief from the judgment entered by the Court on October 17, 202[2], Winkler should have her day in court to present same.

Appellees' App. Vol. II, p. 128.

[5] At the hearing on Winkler's motion for relief from judgment, Winkler did not introduce into evidence any exhibits or expert medical testimony. The trial court denied her motion for relief from judgment after finding:

> [N]o new evidence was presented to sufficiently support a finding of excusable neglect or a meritorious defense. Winkler's motion cannot overcome the inescapable fact that she failed to timely respond to [Providers'] motion[s] for summary judgment. Her recent filing does not alter the findings and determinations already made by the Court . . . .

Appellant's App. Vol. II, p. 12.

[6] Winkler filed a motion to correct error, which the trial court denied. She appeals from that judgment.

## Discussion and Decision

[7] Winkler attempts to challenge both the trial court's entry of summary judgment in the original proceedings and the court's rulings on her motion for relief from judgment. But she forfeited her right to directly appeal the summary judgment ruling by failing to timely file a motion to correct error or notice of appeal. *See* Ind. Appellate Rule 59(C) (requiring that a motion to correct errors, when used, be filed within 30 days after the final judgment is entered on the chronological case summary); Ind. Appellate Rule 9(A) (specifying that an appeal is forfeited unless a timely notice of appeal is filed).

[8] Instead of filing a motion to correct error or a notice of appeal, Winkler opted to respond to the entry of summary judgment with a letter to the court filed 30 days after the summary judgment order. Although the trial court treated the letter as a motion for relief from judgment under Indiana Trial Rule 60(B), a 60(B) filing does not replace a direct appeal. *In re Paternity of P.S.S.*, 934 N.E.2d

737, 740 (Ind. 2010). Winkler argues that this Court should overlook her failure to appeal the summary judgment but provides no grounds for doing so. Therefore, we consider her claims about the summary judgment ruling only as they relate to her motion for relief from that judgment.

[9] We generally review the denial of a motion to correct error for an abuse of discretion. *Berg v. Berg,* 170 N.E.3d 224, 227 (Ind. 2021). We will only reverse "where the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it or where the trial court errs as a matter of law." *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013). But where a ruling rests on an issue of law, we apply de novo review. *Id.*

[10] At the hearing on Winkler's motion for relief from judgment, Winkler stated that her motion was based on Trial Rules 60(B)(2) and (3), which provide:

> On motion and upon such terms as are just[,] the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> ***
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . .
>
> A movant filing a motion for reasons . . . (2) [and] (3) . . . must allege a meritorious claim or defense.

[11]  Winkler's claim of newly discovered evidence and of fraud are linked. Winkler alleges that Dr. A, who performed the surgery in dispute, concealed or deleted a medical record that refuted his testimony on an issue critical to her medical malpractice claim and on which she believes the medical review panel relied. She alleges she did not discover this allegedly fraudulent evidence until January 2023, which was after she moved for relief from judgment but before the hearing on that motion.

[12]  Winkler is not entitled to relief because she did not meet her burden of proof. *See Weinreb v. TR Developers, LLC*, 943 N.E.2d 856, 862 (Ind. Ct. App. 2011) (party moving for relief from a judgment under Trial Rule 60(B) bears the burden of proof). At the hearing on her motion for relief from judgment, Winkler did not introduce into evidence the medical records at issue. The trial court earlier had stricken as untimely her purported summary judgment response containing those medical records. *See Borsuk v. Town of St. John*, 820 N.E.2d 118, 123 n.5 (Ind. 2005) (trial court has no discretion to alter the time limits of Indiana Trial Rule 56 except as provided by that rule and is thus prohibited from considering a party's tardy response to a summary judgment motion).

[13]  The limited evidence before the trial court did not establish that the medical records in dispute were newly discovered evidence. *See* T.R. 60(B)(2) (allowing relief based on "newly discovered evidence" that "could not have been discovered in time to move for a motion to correct errors under Rule 59" through "due diligence"). Nor did the evidence before the court establish that

summary judgment had been procured by fraud, misrepresentation, or misconduct in accordance, as required for relief under Trial Rule 60(B)(2).

[14] Providers maintained that the medical records were not newly discovered evidence because they earlier had been submitted to the medical review panel. Winkler claimed the medical records submitted to the medical review panel had been tampered with and were thus different from those that she classified as newly discovered evidence. When reviewing a trial court's denial of relief under Trial Trial Rule 60(B), we neither reweigh the evidence nor judge the credibility of witnesses. *Fields v. Safway Grp. Holdings, LLC*, 118 N.E.3d 804, 809 (Ind. Ct. App. 2019). Given the limited evidence before the trial court and the conflicting assertions of the parties, Winkler has failed to show that the court's judgment is clearly against the logic and effect of the facts and circumstances before it or that the court erred as a matter of law. *See Perkinson*, 989 N.E.2d at 761.

[15] Finding no abuse of discretion, we affirm the trial court's denial of Winkler's motion for relief from judgment.

Mathias, J., and Tavitas, J., concur.

APPELLANT PRO SE

Sonya Winkler
Hammond, Indiana

ATTORNEYS FOR APPELLEE
ANONYMOUS ALLIANCE, INC.

Julie A. Rosenwinkel
Krieg DeVault LLP
Merrillville, Indiana

Libby Yin Goodknight
Krieg DeVault LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
DR. A

Bryan E. Rogers
Swanson, Martin & Bell, LLP
Chicago, Illinois